UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RMS TITANIC, INC., | : | |
| | : | |
| Plaintiff, | : | 305-CV-1033 (WWE) |
| | : | |
| v. | : | |
| | : | |
| G. MICHAEL HARRIS, D. MICHAEL HARRIS and HARRIS TITANIC, LLC, | : | |
| | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR AWARD
OF ATTORNEYS' FEES AND EXPENSES**

Defendants, G. Michael Harris, D. Michael Harris and Harris Titanic, LLC, have moved for an award of attorneys' fees and expenses arising from the underlying action, estimated at $71,597.60.  They claim that this award is reasonable pursuant to the February 3, 2000 Settlement Agreement of Settling Parties, their successful defense of the plaintiff's June 28, 2005 motion for a temporary restraining order and/or a preliminary injunction, and the subsequent filing of the plaintiff's voluntary dismissal.  Alternatively, the defendants argue that they are entitled to this award because the plaintiff's claims in this lawsuit were unreasonable, frivolous, meritless and/or without proper foundation.  The Court will deny the defendants' motion for the award of attorneys' fees and expenses.

1

**BACKGROUND**

The Court will assume familiarity with the facts of the underlying myriad of related litigation in this matter.[1] The following facts refer to the instant matter.

On June 28, 2005, the plaintiff, RMS Titanic, Inc., filed an action for injunctive relief to prevent the defendants from violating this Court's orders regarding the plaintiff's salvor-in-possession rights over the wreck of the RMS Titanic. Specifically, the plaintiff sought an order restraining the defendants from: 1) salvaging from the wreck of the RMS Titanic; 2) filming television shows of their expeditions; and 3) selling tickets to an expedition to the wreck of the RMS Titanic. The defendants repeatedly assured the plaintiff that they had no intention of salvaging from the wreck site; that they had no agreement to film a television show; and that they had not sold a single tourist ticket for their planned expedition. The plaintiff sought only injunctive relief, not monetary damages.

This Court conducted a hearing on the plaintiff's motion for injunctive relief on July 27 and 28, 2005.[2] The Court denied the plaintiff's motion and instructed the

---

[1]Specifically, this Court entered a stipulated judgement on this matter on December 12, 1996 in Piaget v. Tulloch, No. 5:91-cv-0007 (WWE) (D.Conn. 1996) (the "1996 Agreement"); reaffirmed by agreement and stipulation entered in 1999, Piaget v. Tulloch, No. 5:91-cv-0007 (PCD) (D.Conn. 1999) (the "1999 Agreement" and, in conjunction with the 1996 Agreement, the "Stipulated Judgment"). On January 21, 2005, the parties confirmed a settlement agreement in RMS Titanic, et al. v. Arnie Geller, et al., No. 3:99-cv-2401 (SRU) (the "Supplemental Agreement of the Settling Parties;" hereafter the "2000 Agreement").

[2]The defendants were scheduled to depart on an expedition within hours of the July 28, 2005 hearing on the plaintiff's motion for a preliminary injunction. Hence, the plaintiff had requested the hearing on an "expedited and emergency" basis. The hearing was held on July 27, 2005 and continued through July 28, 2005.

plaintiff to file an amended complaint to include a claim for damages. The plaintiff filed a voluntary dismissal on September 22, 2005. This motion for the award of attorneys' fees and expenses followed.

## DISCUSSION

The general American rule regarding the costs of litigation holds each party responsible for its own fees and costs, regardless of the outcome of the action. Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980). There are exceptions to this general rule, however. There are explicit statutory provisions for fee shifting and the parties may fashion contractual remedies. Alyeska Pipeline Service Co. v. The Wilderness Society, 421 U.S. 240, 257, 95 S.Ct. 1612, 4 L.Ed.2d 141 (1975) ("absent statute or enforceable contract, litigants pay their own attorneys' fees"). Furthermore, the federal court may shift fees pursuant to its inherent equitable powers. Eastway Construction Corp. v. City of New York, 762 F.2d 243, 253 (2d Cir. 1985).

The defendants argue that the award of attorneys' fees and expenses is governed by 28 U.S.C. § 1927, which provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The Second Circuit has held "that an award under § 1927 is proper when an attorneys' actions are so completely without merit as to require the conclusions that they must have been undertaken for some improper purpose such as delay." 60 East 80th Street Equities, Inc. v. Sapir, 218 F.3d 109, 115 (2d Cir. 2000). As shall be

discussed forthwith, the Court has determined that the plaintiff's motion for preliminary injunction did not rise to the level of vexatious, frivolous or without merit and that the plaintiff did not bring this motion in bad faith.

In the alternative, the defendants claim that there is a contractual provision that dictates the award of attorneys' fees. The defendants cite Spinks v. Chevron Oil Co., 507 F.2d 216, 226 (5th Cir. 1975) for the proposition that when a "right is contractual, the court does not possess the same equitable discretion to deny attorneys' fees that it has when fashioning equitable remedies, or applying a statute that allows the discretionary award of such fees." They argue that the February 3, 2000 Supplemental Agreement, affirming the Settlement Agreement of January 21, 2000 (together, the 2000 Agreement), is a contract containing a provision for the awarding of attorneys' fees and expenses and is applicable to the circumstances here.

The following language from the transcript of the 2000 Agreement provides that, in an action for breach of contract, the prevailing party is entitled to an award of attorneys' fees: "It's understood that in the claim of a breach, the breaching party will be responsible to pay all counsel fees of the non-breaching party." The defendants claim that this Court's denial of the plaintiff's motion for injunctive relief and the plaintiff's subsequent voluntary dismissal of the action constitutes a "breach of contract" pursuant to the 2000 Agreement and that they are, therefore, the "prevailing parties" entitled to the award of attorneys' fees.

The plaintiff argues that the 2000 Agreement is inapplicable to the instant matter. They assert that the 2000 Agreement refers to different parties than those implicated here and is, therefore, not controlling; that the issue here is not one of contractual

breach by the plaintiff of the 2000 Agreement; and that the language of the 2000 Agreement contains no reference to "prevailing party," thereby obviating the defendants' reliance on this argument. Accordingly, the plaintiff argues, the 2000 Agreement is irrelevant and its breach of contract provision governing the awarding of attorneys' fees is inapplicable to the matter before the Court. The Court agrees with the plaintiff.

A defendant is not able to insinuate itself into a contract to which it was not a party. See, e.g., St. Paul Fire and Marine Insurance Co. v. Schneider National Carriers, Inc., 2006 WL 522455 *8 (S.D.N.Y.) (contractual provision is not available to party because it was neither a party to the contract nor was it shown by express provision that it was intended to become a party to the contract). As the plaintiff correctly points out, Harris Titanic, LLC was never a party to the 2000 Agreement and D. Michael Harris was also not a named party.[3] They are now attempting to collect attorneys' fees pursuant to a contractual provision that they claim controls the awarding of attorneys' fees to them. This is not permissible.

The plaintiff also asserts that the 2000 Agreement does not encompass the matter at hand. The transcript of the conference makes clear that the matter under consideration is the payment schedule formulated in that Agreement and the potential

---

[3] The parties to the 2000 Agreement are: RMS Titanic, Inc., George H. Tulloch, Allan H. Carlin, Kurt Hothorn, and Paul-Henri Nargeolet, plaintiffs; Arnie Geller, G. Michael Harris, John A. Joslyn, Westgate Entertainment Corp., William S. Gasparrini, Jon Thompson, P. David Lucas, Steven P. Sybesma, Joe Marsh, Stanley Thomas, TAG Acquisition, LLC, Michael T. Cronin, Johnson, Blakely, Pope, Boker, Ruppel & Burns, P.A., John Hill, James Hill, Shirlie Hill, Anne Hill, Fairline Limited and Financial Group of Kuwait, defendants.

breach of such schedule, not for a breach of the salvor-in-possession rights resolved in earlier litigation.  Therefore, the plaintiff argues, the 2000 Agreement has no relevance to the matter before the Court today.  The Court agrees with the plaintiff.

The plaintiff asserts that even assuming, *arguendo*, that the 2000 Agreement was relevant to this litigation, the plaintiff still would not be liable for the defendants' attorneys' fees.  The 2000 Agreement provides that "in the event that there's a claim by one party or the other that there's been a breach, the party found in breach shall pay the fees of the nonbreaching party."  The defendants do not claim that the plaintiff breached any contractual provision of the 2000 Agreement.  Instead, the defendants claim that this Court's denial of the plaintiff's motion for temporary restraining order and preliminary injunction grants them the award of attorneys' fees contemplated in the 2000 Agreement.  This is not a breach of contract; it is the resolution in the defendants' favor of an unrelated matter before this Court.  As such, there is no contractual breach and the 2000 provision regarding same does not come into play.

The defendants refer rather obliquely to their status as "prevailing parties" entitling them to attorneys' fees pursuant to the 2000 Agreement.  The Agreement contains no reference to the doctrine of "prevailing party" and is, therefore, irrelevant as to this argument.

The concept of "prevailing party" status is, however, relevant to the defendants' argument that this Court, pursuant to its own discretion, may award attorneys' fees in the absence of statutory or contractual provisions. This power allows the court to award attorneys' fees to the prevailing party in a litigation that altered the legal relationship between the parties.  Additionally, "the court must find that the losing party's claim was

(1) meritless; and (2) brought for improper purposes such as harassment or delay. The test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice." Kerin v. United States Postal Service, 218 F.3d 185, 190 (2d Cir. 2000).

According to Black's Law Dictionary, a "prevailing party is a party in whose favor a judgment is rendered, regardless of the amount of damages awarded in certain cases; also termed 'successful party.'" This definition has been expanded by the courts. In Select Milk Producers, Inc. v. Johanns, 400 F.3d 939 (D.C.Cir. 2005), the court set forth a three-pronged test for "prevailing party" status. "First, in order to be a prevailing party, a claimant must show that there has been a court-ordered change in the legal relationship between the plaintiff and the defendant. Second, a prevailing party is a party in whose favor a judgment has been rendered, regardless of the amount of damages awarded. Third, a claimant is not a prevailing party merely by virtue of having a judicial pronouncement unaccompanied by judicial relief." Id., at 947.

In the present case, the defendants claim that the denial of the plaintiff's motion for injunctive relief fulfills the three prongs of this test: they argue that it constitutes a judgment on the merits accompanied by judicial relief and results in a change in the legal relationship between the parties. This argument is unavailing.

While the defendants did overcome the plaintiff's motion for the temporary restraining order and preliminary injunction and the plaintiff subsequently did voluntarily dismiss its complaint, neither of these facts can constitute the necessary "judgment on the merits." It is true that, in some limited cases, the denial of a preliminary injunction may be viewed as a judgment on the merits. However, in order to be found as such, the preliminary injunction claim at issue must be one that represents an attainment of

7

the party's "major goal in litigation" and, consequently, alters the legal relationships between the parties.  All American Distributing Co., Inc. v. Miller Brewing Co., 736 F.2d 530, 533 (9th Cir. 1984).

In All American, the appellate court affirmed the district court's finding that the defendant was a prevailing party when the court denied the plaintiff's motion for preliminary injunction and the plaintiff then voluntarily dismissed other claims.[4]  This case differs from the present one, however, in substantial ways.

In All American, the district court had denied the plaintiff's suit for a preliminary injunction enjoining the defendant distributor from terminating their distributorship agreement pending arbitration, for damages pursuant to violations of the ASLFA, and for damages for breach of contract.  The plaintiff later added a motion to compel said arbitration.  The court found that, pursuant to the terms of the distributorship agreement, All American was entitled only to damages, not to equitable relief, and that the plaintiff was unlikely to succeed on the merits of its suit.  All American then voluntarily moved to dismiss its claims for damages and its motion to compel arbitration, since Miller had already agreed to arbitrate.  After the district court denied its request for a preliminary injunction, All American appealed and the court of appeals affirmed.  All American then moved to dismiss its remaining claim for injunctive relief and the court ordered dismissal without prejudice, conditioned upon the award of attorneys' fees to Miller.  All American then withdrew from arbitration and Miller sought to recover its

---

[4] In All American, the award of attorneys' fees was determined pursuant to the relevant provision in the Arizona Spirituous Liquor Franchises Act ("ASLFA"), Ariz.Rev.Stat.Ann. §§ 44-1565-1567.  The court relied upon this statute and analogous case law.  Id., at 531.

counsel fees based on its status as the prevailing party on the claim for injunctive relief. The district court found that Miller was the prevailing party of the litigation and was entitled to attorneys' fees. The court considered the litigation as a whole and determined that, "in essence, this was an action for an injunction pending arbitration, with damages claims appended." Id., at 532.

The main distinction between All American and the present case is that Miller's agreement to dismissal was conditioned upon the award of attorneys' fees. "When a party raises attorneys' fees as a condition to voluntary dismissal, the district court is apprised of each party's position before deciding whether dismissal is proper." Id., at 533. Accordingly, Miller is the prevailing party because it achieved its objective by judicial directive: it can terminate the distributorship agreement and receive its award of attorneys' fees.

In the present case, the defendants did not assert any conditions upon the plaintiff's voluntary dismissal and, therefore, this Court was free to grant the plaintiff's motion to dismiss unconstrained by requirements set forth by the defendants. Most significantly, the defendants failed to condition the plaintiff's voluntary dismissal on the award of attorneys' fees. Unlike in All American, the defendants here did not attain a judicial determination of their entitlement to fees. In All American, this judicial determination served to alter the legal relationship between the plaintiff and defendant in that the defendant was no longer constrained by the distributorship agreement and did not have to go to arbitration. There is no such change in the parties' relationship here. RMS Titanic and the defendants are in the same position as they were before the denial of the plaintiff's motion for preliminary injunction and the granting of the plaintiff's

subsequent voluntary dismissal.  The plaintiff maintains salvor-in-possession rights of the wreck of the Titanic and the defendants are still bound by the terms of the Stipulated Judgment.

The defendants also cite Stratton Group, Ltd. v. Chelsea National Bank, 54 F.R.D. 227 (S.D.N.Y. 1972) for the proposition that a denial of a preliminary injunction imbues "prevailing party" status and entitles them to the award of attorneys' fees. However, Stratton is also distinguishable from the present case.  While Stratton is a decision on a motion to dismiss, the court addresses the plaintiff's earlier request for a preliminary injunction.  In its denial of the plaintiff's motion for preliminary injunction, the court admonished the plaintiff for the motion's "conclusory allegations, specious arguments and naked unsupported accusation" and, "finding no therapeutic value" to be attributed to the plaintiff's action, denied the motion accordingly. Id., at 227-28. However, at the time the preliminary injunction was denied, there was a change in the parties' legal relationship in that the defendant was free, *inter alia*, to issue rights to subscribe to its uncommon stocks.  In the present case, as explained, *supra*, the plaintiff and defendant are in the same relationship that they were in before the present case.

Even assuming, *arguendo*, that the defendants are "prevailing parties," they cannot fulfill the second part of the test for the award of attorneys' fees and expenses. "When acting within its equitable powers, costs may be awarded to a prevailing party only where the unsuccessful litigant has been found to have acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Kerin v. United States Postal Service, 218 F.3d at 190.  The claim brought before the court must be "colorable."

10

> A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in the light of the reasonable beliefs of the individual making the claim.  The question is whether a reasonable attorney could have concluded that facts supporting the claim might be established, not whether such facts actually had been established.

Nemeroff v. Abelson, 620 F.2d at 348.  The Second Circuit has held that "there must be clear evidence that the claims are entirely without color and made for reasons of harassment or delay or for other improper purposes."  Id.  There is no "clear evidence" here that demonstrates that the plaintiff brought a claim lacking in color, in bad faith, or that it brought the motion vexatiously, wantonly, or for oppressive reasons.

The plaintiff argues that it brought its claim because it had evidence that the defendants were about to violate the Stipulated Judgment by virtue of their planned expedition to the wreck of the RMS Titanic.  The plaintiff had evidence that the defendants had chartered a 401-foot vessel and submersibles and had reason to believe that the defendant had marketed the expedition for the purposes of television or video programs based on the trip.  The defendants' argument was that they did not plan on salvaging from the wreck, that they had neither sold a ticket nor had an agreement to film a television show.

These allegations do not reach the level of "clear evidence" that the plaintiff's claim was lacking in color.  While this Court denied the plaintiff's request for a preliminary injunction, it did not go so far as to find bad faith, that the claim was meritless or brought for any improper purpose.  This Court granted permission for the plaintiff to file additional briefs; it would not have done so had the claim been frivolous or brought in bad faith.  The fact that the plaintiff did not prevail on its motion for

11

injunctive relief does not necessarily indicate a groundless claim.

Because the defendants have not satisfied any of the tests for the granting of the award for attorneys' fees and expenses, the Court will deny their motion for same.

## CONCLUSION

For the foregoing reasons, the defendants' motion for the award of attorneys' fees and expenses [Doc. # 40] is DENIED.

SO ORDERED this __4th__ day of May, 2006 at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senor United States District Judge